1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
3  BRIAN J. STRETCH (CABN 163973)
   Chief, Criminal Division
4
   CHRISTINE Y. WONG (NYBN 3988607)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340-S
6       Oakland, California 94612
        Telephone:  (510) 637-3717
7       Facsimile:   (510) 637-3724
        E-Mail:      Christine.Wong@usdoj.gov
8
9  Attorneys for Plaintiff

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

                        OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-07-0707 DLJ |
|---|---|---|
| Plaintiff, | ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | ) ) | |
| VICTOR GUSTAVO ROMERO-ABRAJAN, | ) ) ) | **Sentencing Date: September 5, 2008, 9:00 a.m., The Honorable D. Lowell Jensen** |
| Defendant. | ) ) | |

    The United States of America requests that Defendant Jose Jesus Martinez be sentenced to 70 months imprisonment, the low end of the United States Sentencing Guidelines ("Guidelines") range, consistent with the recommendation of the United States Probation Office.

**FACTUAL BACKGROUND**

    On June 4, 2007, the defendant was found to be in the United States illegally after he had been removed several times from the United States to Mexico. The defendant had previous convictions for, among other things, assault with a deadly weapon and inflicting corporal injury on a spouse.

**THE SENTENCING GUIDELINES**

As set forth in the PSR, the offense level is 21, and the appropriate criminal history category is V. The Probation Office recommends 70 months imprisonment. Given the number of times that the defendant has illegally reentered the United States and the defendant's criminal conduct, the Government agrees with the recommendation of the Probation Office.

**ARGUMENT**

**APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES THAT A SENTENCE OF 70 MONTHS IMPRISONMENT AND THREE YEARS OF SUPERVISED RELEASE IS REASONABLE.**

The Supreme Court recently noted that the "Guidelines . . . seek to embody the § 3553(a) considerations, both in principle and in practice." Rita v. United States, 127 S. Ct. 2456, 2464 (2007). These factors or considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to promote respect for the law, afford adequate deterrence, and protect the public from further criminal conduct by the defendant. 18 U.S.C. § 3553(a). Each of these factors supports a sentence of 70 months' imprisonment.

Defendant has illegally entered and reentered the United States four times. The defendant intially entered the United States illegally in 1999. In the last nine years, the defendant has been arrested four times and sustained four convictions. Two of those convictions involved crimes of violence. Specifically, in 2003, the defendant was convicted of assault with a deadly weapon for punching one victim several times and then pushing another victim out of a car as he was trying to drive away. Then in 2004, he was convicted of inflicting corporal injury on a spouse for hitting his girlfriend with an extension cord, causing her to have two approximately ten-inch bruises on her lower back. He was subsequently removed in 2005.

Defendant ignored the directive of immigration officials and returned to the United States on February 1, 2006. He was removed shortly thereafter on or about February 9, 2006. Less than two months later, defendant again illegally reentered the United States. On July 18, 2006, the defendant was removed for a third time, only to illegally return in March 2007. To stop the defendant from illegally returning yet again, a significant sentence of incarceration is required.

1  Otherwise, the defendant will simply return to the United States again. As such, the Government
2  recommends a sentence of 70 months' imprisonment.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court determine that defendant's Guidelines offense level is 21 and his criminal history category is V. The United States further respectfully requests that, taking into consideration the sentencing factors set forth in section 3553(a), the Court sentence defendant to the low-end of the applicable Guidelines range, namely, 70 months' imprisonment, impose a three-year term of supervised release (under the terms and conditions recommended by the Probation Office), and order defendant to pay a $100 special assessment.

DATED: September 2, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
CHRISTINE Y. WONG
Assistant United States Attorney